J-A01007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ZOKAITES CONTRACTING, INC., THE GENERAL PARTNER, TRADING AS ZOKAITES PROPERTIES, LP. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| BELL-PUG, INC. | |
| | No. 1025 WDA 2016 |

Appeal from the Order July 7, 2016
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD 15-023272

BEFORE: BOWES, OLSON AND STRASSBURGER,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED MARCH 21, 2017**

Zokaites Contracting, Inc., the general partner, trading as Zokaites Properties, LP. ("Zokaites"), appeals from the order denying its motion for injunctive relief. We affirm.

This appeal arises in the midst of an ongoing dispute regarding rental payments, and money purportedly owed to Zokaites by Bell-Pug, Inc. ("Bell-Pug"). Zokaites initiated this matter by filing a complaint on December 31, 2015. Bell-Pug responded by filing an answer and new matter and counterclaim. After Zokaites replied to Bell-Pug's pleading, Bell-Pug discontinued its counterclaim. Zokaites then filed an amended complaint which alleged the following relevant to this matter. Bell-Pug owned and

_____

* Retired Senior Judge assigned to the Superior Court.

operated the Penn-Monroe restaurant located at 3985 William Penn Highway, Monroeville, Allegheny County. Bell-Pug leased the property from Sigma Six Associates, LLC. ("Sigma Six"). Sigma Six executed a note and mortgage in favor of Zokaites, and assigned it the lease and rent controlling the property upon which Penn-Monroe was situated. Sigma Six subsequently defaulted on its obligations under the mortgage. Zokaites took control of the property after it initiated a mortgage foreclosure action against Sigma Six, and purchased it at a Sheriff's sale. Bell-Pug remained a tenant under the lease agreement throughout this process.

Bell-Pug did not remit rental payments to Zokaites. On December 2, 2015, Zokaites served a notice of distraint on Bell-Pug to recover unpaid rent and legal fees totaling $34,287.66.[1] Bell-Pug allegedly obtained personal property subject to the notice of distraint and sold it to third parties. Of import to this action, Bell-Pug acquired Penn-Monroe's liquor license, and began the process of transferring it to another entity for a total sale price of $45,000. Bell-Pug placed these proceeds in an escrow account while it awaited approval for the transfer from the Pennsylvania Liquor Control Board.

---

[1] Under 68 P.S. § 250.302, after sufficient notice is provided, "personal property located upon premises occupied by a tenant shall . . . be subject to distress for any rent reserved and due." 68 P.S. § 250.302.

Upon learning that Bell-Pug sought to divest itself of the liquor license, Zokaites filed an emergency motion for injunctive relief. In that motion, Zokaites argued, *inter alia*, that, since Bell-Pug ceased operations of the Penn-Monroe restaurant and otherwise sold its assets, the only means by which Zokaites could recover damages from Bell-Pug was from the proceeds of the sale of the liquor license. As such, it requested that the court order Bell-Pug to retain the proceeds from the sale of the liquor license in an escrow account. Zokaites claimed it had no other adequate remedy at law absent future access to these earnings. Thus, it contended that injunctive relief was appropriate to protect its interests.

The court declined to grant Zokaites' requested relief. Zokaites filed a timely notice of appeal.[2] It then served a copy of its Rule 1925(b) statement of errors complained of on appeal to the trial court, but failed to ensure it was properly filed.[3] The trial court authored its Rule 1925(a) opinion addressing Zokaites' claimed errors. This matter is now ready for our review.

---

[2] An appeal as of right may be taken from a court order denying an injunction, except in situations not relevant here. **See** Pa.R.A.P. 311(4).

[3] Zokaites' Rule 1925(b) statement does not appear in the certified record. However, since the court received a copy of that document, addressed the issues on the merits, and Bell-Pug did not otherwise object, we will ignore Zokaites' procedural misstep and reach the merits of this appeal.

- 3 -

Zokaites raises one question for our consideration: "Whether the lower court erred in denying Zokaites' Emergency Motion for Injunctive Relief on the grounds that Zokaites failed to show that an injunction was necessary to prevent irreparable harm that could not be compensated by damages, i.e., that Zokaites had an adequate remedy at law." Appellant's brief at 3.

We review an order disposing of a motion for preliminary injunction for an abuse of discretion. *Duquesne Light Co. v. Longue Vue Club*, 63 A.3d 270, 276 (Pa.Super. 2013). Our standard of review in this regard is "highly deferential." *WMI Group, Inc. v. Fox*, 109 A.3d 740, 747 (Pa.Super. 2015). This level of deference requires us to review the record "to determine if there were any apparently reasonable grounds for the action of the court below." *Id*. at 347-348. A trial court has apparently reasonable grounds for denying injunctive relief if it properly finds that any one of the essential prerequisites that a party must establish prior to obtaining injunctive relief was not satisfied. *Id*. at 348. There are six prerequisites that a party must prove:

> 1) that the injunction is necessary to prevent immediate and irreparable harm that cannot be adequately compensated by damages; 2) that greater injury would result from refusing an injunction that from granting it, and, concomitantly, that issuance of an injunction will not substantially harm other interested parties in the proceedings; 3) that a preliminary injunction will properly restore the parties to their status as it existed immediately prior to the alleged wrongful conduct; 4) that the activity is seeks to restrain is actionable, that its right to

relief is clear, and that the wrong is manifest, or, in other words, must show that it is likely to prevail on the merits; 5) that the injunction it seeks is reasonably suited to abate the offending activity; and 6) that a preliminary injunction will not adversely affect the public interest. The burden is on the party who requested injunctive relief.

*Id*. (citation and quotation marks omitted).

The trial court determined that Zokaites failed to establish that injunctive relief was necessary to "prevent immediate and irreparable harm **that cannot be compensated by damages**." Trial Court Opinion, 9/12/16, at 9 (emphasis in original). It observed that Zokaites commenced this action to recover money damages in the form of rents owed. The court further opined that money damages were the "most common and rudimentary form of damages the civil system offers while available as a remedy at law," and that it could not fathom what differentiated Zokaites' claim from any other similar action. *Id*. at 9-10. Hence, it determined that Zokaites had failed to prove that emergency relief was necessary to avoid a harm that could not be compensated by damages, and denied relief.

Zokaites contends that it met each element required to obtain injunctive relief. First, it asserts that it has no adequate remedy at law. In this vein, Zokaites maintains that Bell-Pug lacks the assets to pay any judgment awarded, other than the proceeds of the sale of the liquor license. It concludes that it has no adequate remedy at law since any judgment entered against Bell-Pug would be uncollectible, which would constitute

irreparable harm to its interests. Second, Zokaites claims that greater injury will occur from denying the injunction since Zokaites would lose its ability to collect damages, but Bell-Pug would not otherwise be prejudiced. Third, Zokaites alleges that granting an injunction would maintain the status quo because the disputed funds would remain in escrow. Fourth, Zokaites avers that the wrongful conduct is manifest as Bell-Pug supposedly admitted to its failure to pay rent.[4] Next, it argues that its right to relief is clearly delineated by the terms of the lease assignment and deposition testimony provided by one of the owners of Bell-Pug. Lastly, as to the final prerequisite, Zokaites fails to make any argument concerning the impact that granting relief would have on the public interest.

Despite arguing only five out of six of the essential elements required to obtain a preliminary injunction, Zokaites largely centers its argument on its belief that Bell-Pug would be rendered judgment-proof if permitted to access the proceeds of the sale of its liquor license. Notwithstanding Zokaites' failure to argue all-six prerequisites, we find the trial court had apparently reasonable grounds to deny relief since Zokaites seeks, and may

---

[4] In its brief, Zokaites alleges that Bell-Pug had been making rental payments to M&T Bank pursuant to a previously executed assignment of leases and rents, but stopped doing so in June 2015. Zokaites claims Bell-Pug admitted that it never remitted any payment to Zokaites. Additionally, Zokaites maintains that it paid the M&T Bank mortgage in full. Appellant's brief at 8 n.5.

yet acquire, money damages if the trial court decides in its favor. Further, Zokaites' argument conflates Bell-Pug's ability to pay with its liability to pay. The court's function at trial, if this matter proceeds to that stage, will be to determine whether Bell-Pug **must** pay the rent allegedly owed to Zokaites, not whether it **can**. Simply, as it pertains to the record herein, Zokaites has not met its burden of proof.

We are cognizant that this court has previously affirmed the **grant** of a preliminary injunction to prevent the dissipation of assets in anticipation of litigation. ***See Citizens Bank of Pennsylvania v. Myers***, 872 A.2d 827, 836 (Pa.Super. 2005) (listing cases). However, unlike those cases, the trial court here did not find that Bell-Pug dispersed its assets solely to avoid a potential adverse judgment. Likewise, our review of the record did not disclose evidence of such misconduct. ***Compare Ambrogi v. Reber***, 932 A.2d 969 (Pa.Super. 2007) (the court affirmed the grant of a preliminary injunction after finding, in part, that the defendant had sold off forty-percent of their property, and had not turned proceeds over to the court, during the fifteen months prior to hearing). Bell-Pug maintains that it has numerous creditors, all of whom could benefit from the profit gained by the sale of the liquor license. In light of the highly deferential nature of our review, and the lack of any evidence tending to show that Bell-Pug is attempting to sell the liquor license to render itself judgment proof, we find Zokaites' likely ability to collect a monetary judgment dispositive.

- 7 -

Since Zokaites seeks recovery of owed rental payments, a definite pecuniary award, it has not proven that injunctive relief is necessary to prevent irreparable harm that cannot be adequately compensated by damages. ***Sovereign Bank v. Harper***, 674 A.2d 1085, 1093 (Pa.Super. 1996) (noting "an injury is regarded as 'irreparable' if it will cause damage which can be estimated only by conjecture and not by an accurate pecuniary standard."). Hence, Zokaites has an adequate remedy at law, and the trial court did not abuse its discretion in denying injunctive relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/21/2017